In the United States District Court
Western District of Arkansas
Harrison Division

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY 0 1 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

Kandis Smith

                                    Plaintiff

v.                Case No. 17-3028 TLB

Cavalry SPV I, LLC
Cavalry Portfolio Services, LLC
Jenna Lafrancois
Lloyd & McDaniel, PLC
Rachel Kuperman
                                    Defendants

# Complaint

1. Defendants attempted to collect from Plaintiff Kandis Smith a stale consumer debt: a charged-off credit card balance from more than eight years ago.

## Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and under 15 U.S.C. § 1692k(d).

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* ("AFDCPA), and the common law in their illegal efforts to collect a stale consumer debt from Kandis Smith.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

5.  Defendants have transacted business within Arkansas by attempting to collect this debt from Kandis Smith using litigation, while she was located within and permanently residing within Arkansas.

## Parties

6.  Plaintiff Kandis Smith is a natural person who currently and permanently resides at all times relevant herein in the Berryville, Carrol County, Arkansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

7.  Defendant Cavalry SPV I, LLC (Cavalry SPV I) is a foreign limited liability company organized under Delaware law and operating from 500 Summit Lake Drive, Valhalla, New York 10595. Cavalry SPV I is a licensed collection agency with the Arkansas State Board of Collection Agencies. Cavalry SPV I is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

8.  Defendant Cavalry Portfolio Services, LLC (Cavalry Portfolio Services) is a foreign limited liability company organized under Delaware law and operating from 500 Summit Lake Drive, Valhalla, New York 10595. Cavalry Portfolio Services is a licensed collection agency with the Arkansas State Board of Collection Agencies. Cavalry Portfolio Services is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

9. Jenna Lafrancois is an individual who, upon information and belief, resides in Westchester County, New York. Jenna Lafrancois is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

10. Lloyd & McDaniel, PLC, (Lloyd & McDaniel) is a foreign limited liability company organized under Kentucky law operating from 11405 Park Road, Suite 200, Louisville, KY 40223. Lloyd & McDaniel is a law firm that primarily collects defaulted consumer debt. Lloyd & McDaniel is a licensed collection agency with the State Board of Collection Agencies. Lloyd & McDaniel is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

11. Rachel Kuperman is an individual who, upon information and belief, resides in Shelby County, Tennessee. Rachel Kuperman is an attorney licensed to practice in Arkansas. At the time of the events giving rise to this Complaint, Rachel Kuperman was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

**Factual Allegations**

12. Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Plaintiff Kandis Smith a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and

Ark. Code Ann. § 17-24-502(4), namely, a stale, charged-off credit card debt more than eight years old.

### *Arkansas State Court Litigation*

13. On or about July 7, 2016, Defendant Cavalry SPV I commenced a civil action against Kandis Smith by filing a complaint in the Circuit Court of Carroll County, Arkansas. The complaint was signed by Rachel Kuperman, who at the time was employed by Lloyd & McDaniel, PLC. Attached to the complaint was an affidavit of claim, signed by Jenna Lafrancois (an employee of Cavalry Portfolio Services and authorized agent of Cavalry SPV I) dated September 25, 2015.

14. The alleged debt that was the subject of the Complaint was beyond the Arkansas five-year statute of limitations for breach of contract[1] when the Complaint was filed and when the affidavit of claim was signed.

15. The last payment made on this debt by Kandis Smith was in mid-2008. The debt is old enough to have aged off her credit reports.

16. Kandis Smith has not acknowledged this stale debt, verbally or in writing, to the original creditor or any assignee of the debt since she defaulted in on it in mid-2008.

17. The original contract for this stale debt was formed and executed between Kandis Smith and the original creditor prior to mid-2008.

---

[1] Ark. Code Ann. § 16-56-111.

4

18. There has been no equitable tolling of the applicable statute of limitations with regard to the contract creating the original debt.

19. Kandis Smith was served with the complaint and summons at her home on or about July 11, 2016, late in the evening.

20. Soon after that, Kandis Smith called the phone number for Lloyd & McDaniel listed on the attorney signature line on the Complaint.

21. Kandis Smith spoke with Rachel Kuperman, who demanded she pay monthly on the debt, asked for Kandis Smith's Social Security Number, and her checking account information.

22. On August 8, 2016, Kandis Smith filed a motion to dismiss under Ark. R. Civ. P. 12(b)(6), which asserted the complaint should be dismissed with prejudice because from the face of the complaint, the asserted claim was barred by the statute of limitations.

23. On August 15, 2016, Cavalry SPV I filed a motion for dismissal without prejudice.

24. On August 19, 2016, the Circuit Court entered an order dismissing the case without prejudice.

25. Defendants' attempts to collect a debt from Kandis Smith that was beyond both the Arkansas five-year statute of limitations were false and deceptive attempts to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f and 1692f(1),

amongst others,[2] and the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(4), 17-24-506(b)(5), 17-24-506(b)(7), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b), and the common law.

### *Summary*

26. Defendants' false representation that Kandis Smith still legally owed this debt, when in fact it was beyond the applicable statute of limitations, was an unfair and deceptive attempt to collect this debt, which materially mislead Kandis Smith as to her rights under the FDCPA and the AFDCPA, and which affected and frustrated Kandis Smith's ability to intelligently respond to Defendants' collection efforts.

27. All of the communications as alleged herein by these Defendants and the employees and agents of Cavalry SPV I, Cavalry Portfolio Services, and Lloyd & McDaniel, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

### *Respondeat Superior Liability*

28. The acts and omissions of these individuals, and the other debt collectors employed as agents by Cavalry SPV I, Cavalry Portfolio Services,

---

[2] *See Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (the attempt to collect a time-barred consumer debt through litigation is a violation of the FDCPA).

and Lloyd & McDaniel, respectively, who communicated with Kandis Smith and others as more further described herein, were committed with the time and space limits of their agency relationship with their principals, Cavalry SPV I, Cavalry Portfolio Services, and Lloyd & McDaniel, respectively.

29. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Cavalry SPV I, Cavalry Portfolio Services, and Lloyd & McDaniel, respectively, in collecting consumer debts.

30. By committing these acts and omissions against Kandis Smith, these individuals and these other debt collectors were motivated to benefit their principals, Cavalry SPV I, Cavalry Portfolio Services, and Lloyd & McDaniel, respectively.

31. Defendants Cavalry SPV I, Cavalry Portfolio Services, and Lloyd & McDaniel, are therefore liable to Kandis Smith.

## Standing

32. Kandis Smith has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court. Kandis Smith's injury in fact is both particular and concrete because

she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumer's rights to and to redress for violations of those rights, including the right to be left alone from debt collection efforts taking place past the statute of limitations on the debt.

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. 1692, et seq.

33. Kandis Smith incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*, with respect to Kandis Smith.

35. As a result of Defendants' violations of the FDCPA, Kandis Smith is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

36. Kandis Smith incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the AFDCPA, Ark. Code Ann. 17-24-501, *et seq.*, with respect to Kandis Smith.

38. As a result of Defendants' violations of the AFDCPA, Kandis Smith is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

## *Count III – Abuse of Process*

39. Kandis Smith incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Kandis Smith sustained damages.

41. Defendants set in motion a legal proceeding directed at Kandis Smith.

42. The proceeding was used to accomplish an ulterior purpose for which it was not designed.

43. Defendants willfully used process in a manner not proper in the regular conduct of the proceeding.

44. Defendants' acts were a proximate cause of Kandis Smith's damages.

## *Count IV – Malicious Prosecution*

45. Kandis Smith incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Kandis Smith sustained damages.

47. Defendants caused civil proceedings to be initiated against Kandis Smith.

48. Defendants did not have probable cause for initiating the proceedings.

49. Defendants acted with an improper or sinister motive in initiating the proceedings against Kandis Smith.

50. Defendants acts were a proximate cause of Kandis Smith's damages.

## Punitive Damages

51. Kandis Smith incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in damage and they continued such conduct with malice or reckless disregard of the consequences from which malice may be inferred.

53. Defendants intentionally pursued a course of conduct for the purpose of causing damage.

54. Kandis Smith, therefore, is entitled to an award of punitive damages to punish Defendants and to deter Defendants and others from similar conduct.

## Jury Demand

55. Kandis Smith demands a trial by jury.[3]

## Prayer for Relief

56. Plaintiff Kandis Smith prays the judgment be entered against Defendants as follows:

    a.    for an award of actual damages under 15 U.S.C. § 1692k(a)(1), Ark. Code Ann. § 17-24-512(a)(1), and the common law against Defendants and for Kandis Smith;

    b.    for an award of statutory damages of $1,000.00 under to 15 U.S.C. § 1692k(a)(2)(A), and Ark. Code Ann. § 17-24-512(a)(2)(A), against Defendants and for Plaintiff;

    c.    for an award of costs of litigation and a reasonable attorneys' fees under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A) against all Defendants;

    d.    for an award of punitive damages; and

    e.    for such other and further relief as may be just and proper.

---

[3] U.S. Const. amend. 7. and Fed. R. Civ. P. 38.

Respectfully submitted,

By: /s/ Corey D. McGaha
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar. No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

# Verification

State of Arkansas )
County of Carroll )

Under 28 U.S.C. § 1746, Plaintiff Kandis Smith, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.
2. I have read the foregoing Complaint prepared by my attorneys.
3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 1st day of May, 2017

*Kandis Smith*
Kandis Smith