IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KANDIS SMITH                                                              PLAINTIFF

V.                          CASE NO. 3:17-CV-3028

CAVALRY SPV I, LLC;
CAVALRY PORTFOLIO SERVICES, LLC;
LLOYD & MCDANIEL, PLC; and
RACHEL KUPERMAN                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On September 6, 2017, the Court held a hearing on Defendants' Motion to Dismiss (Doc. 18), followed by an initial case management conference. The parties presented oral argument, and the Court granted the Motion from the bench. The following Order memorializes the Court's decision. To the extent anything in this Order differs from what was stated from the bench, this Order will control.

**I. BACKGROUND**

This case was filed in this Court on May 1, 2017. (Doc. 1). Plaintiff Kandis Smith filed an Amended Complaint shortly thereafter, on May 25, 2017. (Doc. 10). Defendants then filed a collective Answer on June 29, 2017 (Doc. 14), and an Amended Answer on June 30, 2017 (Doc. 17). Also on June 30, 2017, Defendants filed a Motion to Dismiss for Failure to State a Claim (Doc. 18). Although the Motion to Dismiss is styled as a Rule 12(b)(6) motion, it was technically filed after the Answer, so the Court has considered it as a motion for judgment on the pleadings pursuant to Rule 12(c). In any event, when ruling on a 12(c) motion, the Court uses the "same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6) . . . ." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

The Amended Complaint reveals that Ms. Smith, an Arkansas citizen, obtained a credit card sometime in 2008 and later incurred a debt on the account. The last payment she made on the credit card was in mid-2008. She defaulted on the debt, and the account was "charged off." The Amended Complaint does not state exactly when the account was "charged off," see Doc. 10, p. 4, but it does reference the fact that on July 7, 2016, Defendant Cavalry SPV I ("Cavalry") commenced a debt-collection action against Ms. Smith in Carroll County Circuit Court. That state-court complaint was filed on behalf of Cavalry by Defendant Rachel Kuperman, who at the time worked for Defendant Lloyd & McDaniel, PLC, a law firm.

The state-court debt collection action was discussed in the Amended Complaint and is a matter of public record. One of the documents attached to the state-court complaint was an "Affidavit of Claim," executed on September 25, 2015, by an employee of Defendant Cavalry Portfolio Services, LLC ("CPS"). See Doc. 10, p. 4. The Affidavit of Claim notes that Ms. Smith's credit card account was "charged off" by G.E. MoneyBank/Dillards on December 16, 2008. The creditor then sold the debt to Cavalry, which is a licensed debt collection agency. Cavalry, in turn, hired CPS to perform the day-to-day debt collection service on the account.

According to the Amended Complaint in the case at bar, Ms. Smith never acknowledged the existence of the debt in writing after she defaulted in 2008, nor did she make payments on the debt after she defaulted. More than seven years after the debt was charged off, Ms. Smith was sued by Cavalry in state court. After she received the state-court summons and complaint, she called the phone number listed on the paperwork, which was associated with Lloyd & McDaniel, PLC. She spoke with attorney Kuperman,

and Ms. Smith alleges that during their conversation, Ms. Kuperman demanded that she begin paying monthly on the debt, and also asked for Ms. Smith's social security number and checking account information. It does not appear that Ms. Smith provided any of this information to Ms. Kuperman. Instead, she hired a lawyer, and on August 8, 2016, her lawyer filed a motion to dismiss the state-court debt-collection action, arguing that the suit was barred by Arkansas' five-year statute of limitations on debt collection. In short order, Cavalry moved to dismiss the case, and the state court dismissed it on August 19, 2016.

In the case at bar, Ms. Smith asserts violations of the Fair Debt Collection Practices Act ("FDCPA") (Count 1), the Arkansas Fair Debt Collection Practices Act ("AFDCPA") (Count 2), abuse of process (Count 3), and malicious prosecution (Count 4)—all of which purportedly arise from Cavalry's attempt to collect the time-barred debt in state court. Defendants' Motion to Dismiss, however, only contemplates the dismissal of the abuse of process and malicious prosecution claims. Defendants argue that these two claims were not pleaded with sufficient detail to state plausible claims for relief. Defendants Kuperman and Lloyd & McDaniel, PLC, separately argue that they are completely immune from civil liability for these torts pursuant to the Arkansas attorney-immunity statute, codified at Ark. Code Ann. § 16-22-310.

Ms. Smith believes that the Amended Complaint contains enough facts to state plausible claims for abuse of process and malicious prosecution, and further, that the attorney-immunity statute does not apply here because Kuperman and her law firm committed material omissions and misrepresentations that constitute fraud or some other intentional tort. Below, the Court considers the merits of these arguments.

## II. LEGAL STANDARD

As an initial matter, the distinction between a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) and a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive the Motion, the Amended Complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of the Amended Complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more

than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Abuse of Process

A claim for abuse of process in Arkansas requires: (1) a legal procedure set in motion, whether properly or improperly, that is (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act after the issuance of the process that is not proper in the regular conduct of the proceeding. *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 844-45 (8th Cir. 2009) (citing *S. Ark. Petroleum Co. v. Schiesser*, 343 Ark. 492 (2001)). Ms. Smith's claim for abuse of process in the Amended Complaint, *see* Doc. 10, ¶¶ 40-44, is insufficient, in that it recites these elements but fails to explain, for example, the "ulterior purpose" for which process was used. It also fails to set forth facts to show how each Defendant committed a "willful act after the issuance of the process that is not proper in the regular conduct of the proceeding." Lumping all four Defendants together and insinuating that each committed some undefined, willful act is not enough to state a plausible cause of action for abuse of process.

Further, if the only "ulterior purpose" in filing the state-court lawsuit was to collect an unpaid debt—albeit one "that eventually is barred by the statute of limitations or is otherwise deficient"—the Defendants cannot be subject to liability for abuse of process. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 929, at *8. Moreover, an attorney who files an unmeritorious debt-collection action in Arkansas is immune from civil liability, provided that the suit is brought for the sole purpose of collecting a debt. *See id.* ("It would pervert the

purpose of the immunity statute to allow a claim against an attorney where that attorney, acting on behalf of his or her client, files a lawsuit that is eventually barred by the statute of limitations."). In the case at bar, the Amended Complaint fails to clearly state what ulterior purpose motivated each Defendant to act, and what willful act each Defendant took after the issuance of process that constituted an improper use of process. "As distinguished from malicious prosecution, abuse of process 'is somewhat in the nature of extortion or coercion.'" *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 162 (2000) (quoting *Union Nat'l Bank of Little Rock v. Kutait*, 312 Ark. 14, 16 (1993)). And here, there are no facts in the Amended Complaint that would amount to extortion or coercion on the part of any Defendant. For these reasons, the abuse of process claim is dismissed without prejudice.

### B. Malicious Prosecution

A claim for malicious prosecution has the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *McMullen v. McHughes*, 2015 Ark. 15, 15 (2015). As to the third element, "[p]robable cause for prosecution must be based upon the 'existence of facts or credible information that would induce the person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged.'" *Binns*, 341 Ark. at 163 (quoting *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 31 (1989)). As to the fourth element, "[m]alice has been defined as any improper or sinister motive for instituting the suit." *Id.*

6

Whereas the tort of abuse of process focuses on whether a defendant committed an improper, willful act *after* the issuance of process, the tort of malicious prosecution focuses on the defendant's *motivation* for bringing the lawsuit in the first place—in particular, the defendant's lack of "probable cause" to file suit, and the defendant's "improper motive" for doing so. Again, the Amended Complaint is short on facts and sets forth only the bare elements of a claim for malicious prosecution. *See* Doc. 10, ¶¶ 46-50. It fails to explain why there was an absence of probable cause for filing the lawsuit, in light of the fact that Ms. Smith at one time owed the debt and never paid it, and the Amended Complaint fails to explain how each Defendant acted with malice or an improper motivation in filing the state-court lawsuit—beyond their desire to collect the unpaid debt. For these reasons, the malicious prosecution claim is also dismissed without prejudice.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **GRANTED**, and the claims for abuse of process (Count 3) and malicious prosecution (Count 4) are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(c).

**IT IS SO ORDERED** on this \_\_11th\_\_ day of September, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

7